**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HARRY BERROA,** | No. 17-cv-4910 (NLH) (AMD) |
| **Plaintiff,** | |
| v. | OPINION |
| **KITCHEN OFFICER SUMNER and WARDEN ORTIZ,** | |
| **Defendant.** | |

APPEARANCE:
Harry Berroa, #62268-066
FCI – Ft. Dix
P.O. Box 2000
Joint Base MDL, NJ 08640
    Plaintiff Pro se

HILLMAN, District Judge

Plaintiff Harry Berroa, a prisoner presently incarcerated at Federal Correctional Institution ("FCI") Fort Dix in Fort Dix, New Jersey, intends to bring a civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against Defendants Kitchen Officer Sumner and Warden Ortiz, both of FCI Ft. Dix. Instead of filing a complaint, Plaintiff has filed a "Notice of Intent to File Suit." ECF No. 1.

At this time, the Court must review Plaintiff's filing, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or

1

because it seeks monetary relief from a defendant who is immune from such relief.  For the reason set forth below, the Court will dismiss the Notice without prejudice for failure to state a claim.  28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

BACKGROUND

Plaintiff filed a "Notice of Intent to File Suit and Litigation Preservation Request of Video Evidence" (the "Notice"), docketed by the Clerk of the Court as a complaint, on July 5, 2017.  ECF No. 1.  Plaintiff's Notice is only one page long, and there is only a single factual allegation:  "On 6/24/2017 AT 11.20 Plaintiff was in the East side of Fort Dix prison, inside food service '30' receiving his lunch.  While the Plaintiff was exiting the food line Officer Sumner called the Plaintiff a FAGOT because he asked why his food was missing meat."  Notice, ¶ 1.  The Plaintiff also states in his Notice that, "You [defendants] have now been served with Notice that will conclude with a law suit AFTER exhaustion of AVAILABLE remedies have been concluded."  Notice, ¶ 2.

STANDARD OF REVIEW

Sections 1915(e)(2) and 1915A require a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis and in which a plaintiff is incarcerated.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which

2

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding in forma pauperis and is also incarcerated.  See ECF No. 9 (granting in forma pauperis application).

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

DISCUSSION

To the extent Plaintiff's Notice was construed by the Clerk of the Court as a complaint under Rule 3 of the Federal Rules of Civil Procedure and filed as such it must be dismissed without prejudice for failure to state a claim upon which relief may be

granted.[1]  Plaintiff has plainly intended to file the Notice as a litigation hold notice to Defendants and not as a civil action, as the Notice by its own terms provides that a lawsuit will follow after Plaintiff exhausts his administrative remedies. See Notice, ¶ 2.  Under the Federal Rules of Civil Procedure, there is only one form of action, the civil action, see Fed. R. Civ. P. 2, which may only be commenced by filing a complaint, see Fed. R. Civ. P. 3.  The Federal Rules provide no way to commence a civil action pre-complaint.  For this reason, the Notice must be dismissed.

In addition, Plaintiff's Notice must be dismissed because even if it were styled as a complaint, it fails to provide sufficient factual allegations to establish a cognizable legal claim.  Here, Plaintiff's only allegation is that Defendant Kitchen Officer Sumner called him a "faggot."  Name-calling does not rise to the level of a constitutional violation.  "Verbal harassment of a prisoner, without more, does not violate the Eighth Amendment."  Brown v. Deparlos, 492 F. App'x 211, 215 (3d Cir. 2012).  See also DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not

---

[1] Plaintiff has also filed a Motion for Judicial Notice, requesting that the Court take notice of five cases in which Plaintiff alleges that the staff at FCI Ft. Dix were found to have retaliated against inmates.  See ECF No. 10.  Because the Court is dismissing without prejudice Plaintiff's Notice, the Court will also deny without prejudice the Motion.

constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws"). For this additional reason, the Notice must be dismissed.

Although the Court generally grants leave to amend a complaint pursuant to Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002), unless such amendment would be inequitable or futile, the Court declines to grant leave to amend here. Because the Plaintiff states that his filing is a notice and was not intended to be a complaint, amendment is unnecessary.

CONCLUSION

For the reasons stated above, the Notice, docketed as a complaint, is dismissed without prejudice for failure to state a claim. An appropriate order follows.


Dated: January 25, 2018         s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.