```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
HARRY BERROA,                 :
                              :
          Plaintiff,          :   Civ. No. 17-4910 (NLH)(AMD)
                              :
     v.                       :   OPINION
                              :
KITCHEN OFFICER SUMNER and    :
WARDEN ORTIZ,                 :
                              :
          Defendants.         :
_____:
```

APPEARANCE:
Harry Berroa, No. 62268-066
FCI - Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
     Plaintiff Pro se

HILLMAN, District Judge

This matter comes before the Court upon Plaintiff's Motion for Reconsideration of this Court's Opinion and Order dismissing his Notice under 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1). See ECF No. 13. For the reasons explained below, the Court will deny reconsideration.

BACKGROUND

Plaintiff filed a "Notice of Intent to File Suit and Litigation Preservation Request of Video Evidence" (the "Notice"), docketed as a complaint, on July 5, 2017. ECF No. 1. Plaintiff's Notice is only one page long, and there is only a single factual allegation: "On 6/24/2017 AT 11.20 Plaintiff was

in the East side of Fort Dix prison, inside food service '30' receiving his lunch. While the Plaintiff was exiting the food line Officer Sumner called the Plaintiff a FAGOT because he asked why his food was missing meat." Notice, ¶ 1. The Plaintiff also states in his Notice that, "You [defendants] have now been served with Notice that will conclude with a law suit AFTER exhaustion of AVAILABLE remedies have been concluded." Notice, ¶ 2.

The Court conducted its sua sponte screening for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding in forma pauperis and is also incarcerated. After reviewing the Notice, the Court concluded that, to extent that the Notice was construed as a Complaint, it must be dismissed for failure to state a claim upon which relief may be granted. ECF No. 11. Specifically, the Court found that the one-page notice filed by Plaintiff was intended to be a litigation hold notice and not a civil action, as the Notice itself provided that a lawsuit would follow after Plaintiff exhausts his administrative remedies. Id. at 3-4. Because under the Rules of Civil Procedure there is only one form of action, the civil action, which may only be commenced by a complaint, the Court determined that Plaintiff could not commence a civil action pre-complaint by the Notice, and thus the Notice must be dismissed. ECF No. 11 at 4.

2

In addition, the Court concluded that the Notice would also need to be dismissed because it failed to provide sufficient factual allegations to establish a cognizable legal claim. Id. Plaintiff only provided one factual allegation in the Notice, which, if accepted as true, only establishes that Kitchen Officer Sumner called Plaintiff a "faggot." Id. Because a single instance of name-calling does not rise to the level of a constitutional violation, the Court found that Plaintiff had failed to state a claim and the Notice (or complaint) would be dismissed for this reason. Id. at 4-5.

In the Motion for Reconsideration, Plaintiff argues that the Court (1) erred by converting his Notice of Intent to Sue into a complaint; and (2) should reverse the dismissal and convert the Notice into a Motion for Preliminary Injunction. ECF No. 13 at 2. In the Motion, it is clear that Plaintiff intended his Notice to act as a litigation hold letter, and that he would like the Court to enter an injunction to preserve the video evidence of the name-calling incident. See id. at 2-5.

STANDARD OF REVIEW

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to

prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Local Rule 7.1 provides that motions to reconsider shall be filed within fourteen (14) days from the date of the entry of the order or judgment to be reconsidered unless otherwise provided by statute.[1] See D.N.J. Loc. R. 7.1.

DISCUSSION

In his Motion for Reconsideration, Plaintiff presents no argument regarding an intervening change in the controlling law or the discovery of new evidence. At best, he argues a misapplication of the law regarding litigation hold notices. There is no merit to Plaintiff's arguments.

Plaintiff cites Bull v. United Parcel Service, Inc., 665 F.3d 68 (3d Cir. 2012), for the proposition that "a direct 'Notice' was all that was needed to 'preserve for specific reason'" evidence. Although Bull acknowledged the foreseeable duty to preserve evidence in light of litigation, it involved a plaintiff who provided copies but not original documents to the defendant, which the trial court held was spoliation of evidence and dismissed plaintiff's case as a sanction. Id. The Court of

---

[1] Petitioner does not specify under which Rule of Civil Procedure he seeks reconsideration. His Motion, however, is dated February 5, 2018, and is thus timely under Local Rule 7.1 absent reference to the application of another rule or statute.

4

Appeals for the Third Circuit determined that such dismissal was an abuse of discretion because no difference existed between the copies and the original.  Id.  This case has no application to the instant matter and is not grounds for reconsideration.

Another case cited by Plaintiff involved the denial of a preliminary injunction to preserve evidence, in which the court found that an injunction would be unnecessary because the defendants were already on notice and under a legal obligation to preserve evidence after the service of the litigation hold notice.  See Gambino v. Hershberger, No. 17-6800 (4th Cir. 2017) ("The district court denied the motions [for injunctive relief] and dismissed the complaint because the Government, once on notice of the potential lawsuit, was already obligated to preserve any existing evidence.").  This authority cited by Plaintiff simply demonstrates that a federal civil action need not be commenced in order to issue a litigation hold notice and that injunctive relief would be inappropriate in light of the existing duty to preserve evidence.  Plaintiff's arguments and cited authority fail to demonstrate any clear error of law that needs to be corrected, and the Motion must be denied.

CONCLUSION

For the reasons set forth above, the Motion for Reconsideration will be denied. An appropriate Order follows.


Dated: September 28, 2018         s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.